UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH TALLEY, JR., No. 204734,

    Petitioner,

v.

NICK LUDWICK,

    Respondent.
                                    /

Case No. 08-cv-10936

HONORABLE STEPHEN J. MURPHY, III

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS

This matter is before the Court on petitioner Keith Talley, Jr.'s petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Talley was convicted following a bench trial in the Wayne County Circuit Court of felonious assault with a dangerous weapon, MICH. COMP. LAWS 750.82, domestic violence, MICH. COMP. LAWS 750.81(2), and larceny from a building, MICH. COMP. LAWS 750.360. Talley's *pro se* application challenges his three-to-fifteen-year sentence for the assault conviction. He does not challenge his other convictions. For the reasons stated below, the Court will deny the petition.

## FACTS

Talley's conviction stems from an assault of Erika Vega, who was married to Talley, but had been separated from him for more than one year at the time of the underlying incident. During Talley's trial, Vega testified that on the evening of January 8, 2006, her son allowed Talley to enter her home, while she was in the shower. When Vega yelled at her son for allowing Talley into the house, Talley became angry and started to yell at Vega in return. Vega testified that Talley then went into her bedroom and took $100 from her

dresser. After, Talley followed Vega into the kitchen, where the two continued to argue. During the argument, Talley smacked Vega, spit in her face, and called her names. Talley also retrieved a metal hammer from a drawer, lifted it over his shoulder, and told Vega that he was going to take her head off. Vega ran from her house and hid in her car, where she called the police. The responding police officer testified that Vega was upset, shaking, and scared. Talley did not testify in his own defense.

Following his conviction, Talley pursued an appeal of right in the Michigan Court of Appeals. In his appellate brief, Talley raised a claim challenging the sufficiency of the evidence with respect to his assault conviction. The Michigan Court of Appeals affirmed his conviction. *People v. Talley*, No. 271178 (Mich. Ct. App. Sept. 11, 2007). Subsequently, Talley filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Talley*, No. 135128 (Mich. Sup. Ct. Jan. 8, 2008).

Talley then filed an application for writ of habeas corpus raising the following claim:

> I. Petitioner Keith Talley's conviction for felonious assault with a dangerous weapon should be reversed because the evidence was insufficient as a matter of law to sustain the verdict of guilt beyond a reasonable doubt.

## LEGAL STANDARD

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pursuant to the AEDPA, Talley is entitled to a writ of habeas corpus only if he can demonstrate that the state court's adjudication of his claims on the merits resulted in either:

> (1) a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Simply stated, under § 2254(d), Talley must show that the state court's decision "was either contrary to, or an unreasonable application of, [the Supreme] Court's clearly established precedents, or was based upon an unreasonable determination of the facts." *Price v. Vincent*, 538 U.S. 634, 639 (2003).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.

## ANALYSIS

Talley argues that there was insufficient evidence presented at his trial to establish, beyond a reasonable doubt, that he assaulted Vega with a dangerous weapon. The respondent argues that the claim was reasonably denied by the Michigan Court of Appeals.

When analyzing a sufficiency-of-the evidence claim, the Court must determine whether, "viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). In making this determination, the habeas court may not substitute its own judgment for that of the finder of fact. *Alder v. Burt*, 240 F. Supp. 2d 651, 661 (E.D. Mich. 2003). Further, the Court will not redetermine the credibility of the witnesses whose demeanor has been observed by the finder of fact.

*See Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). "[A]ttacks on witness credibility are simply challenges to the quality of the prosecution's evidence, and not to the sufficiency of the evidence." *Martin v. Mitchell*, 280 F. 3d 594, 618 (6th Cir. 2002) (quoting *United States v. Adamo*, 742 F.2d 927, 935 (6th Cir. 1984)). The Court "must presume that the trier of fact resolved all conflicting inferences in the record in favor of the state and defer to that resolution." *Terry v. Bock*, 208 F. Supp. 2d 780, 794 (E.D. Mich. 2002).

Under Michigan law, the elements of felonious assault with a dangerous weapon are: (1) an assault, (2) with a dangerous weapon, and (3) with the intent to injure or place the victim in reasonable apprehension of an immediate battery. *See Gardner v. Kapture*, 261 F. Supp. 2d 793, 804 (E.D. Mich. 2003) (*citing People v. Lawton*, 196 Mich.App. 341, 349 (1992)). Circumstantial evidence and reasonable inferences arising from the evidence may be sufficient proof of the elements of an offense. *See Kelley v. Jackson*, 353 F. Supp. 2d 887, 891 (E.D. Mich. 2005).

"Whether an object is a dangerous weapon depends upon the object itself and how it is used." *People v. Barkley*, 151 Mich. App. 234, 238 (1986). The Michigan Court of Appeals has also explained that:

> A dangerous weapon is a weapon designed to be dangerous and, when employed is per se deadly. . . .A dangerous weapon can also be an instrumentality which, although not designed to be a dangerous weapon, is used as a weapon, and when, so employed, is dangerous.

*Id.*

In the present case, there was sufficient evidence to sustain a conviction of felonious assault with a dangerous weapon. A rational trier of fact could conclude, based on the evidence, that the hammer Talley retrieved during the fight with Vega was a dangerous weapon, which Talley utilized with the intent to place Vega in reasonable apprehension of

an immediate battery.  As the Michigan Court of Appeals noted in its opinion, "the act of raising a hammer as if to strike someone, while verbally indicating the desire to 'knock that person's head off' constitutes either an attempted battery or, at the least, the commission of an act that would place another in reasonable apprehension of receiving an immediate battery." *People v. Talley*, No. 271178, 2007 Mich. App. LEXIS 2083, *2-*3 (Mich. Ct. App. Sept. 11, 2007).

Furthermore, there is little question that a metal hammer can be used as a dangerous weapon.  The evidence presented at trial indicated that Talley retrieved the hammer for the sole purpose of using it to threaten Vega that he was going to strike her in the head.  Vega testified that at the time Talley lifted the hammer as if to strike her, he had already smacked her with his hand and pushed his fingers into her face.  Considering his words and his actions, a reasonable fact-finder could find beyond a reasonable doubt that Vega was justified in believing that Talley intended to immediately commit a battery with the hammer and that the hammer was a dangerous weapon.

Talley asserts that Vega's testimony that she believed she was going to be hit with the hammer was the unreliable result of leading questions by the trial court.  On cross-examination the victim testified that Talley raised the hammer but did not bring it forward when she ducked.  The trial judge sought to clarify the victim's perception of Talley's intent in light of this information by asking Vega: "When the defendant had raised the hammer, did you seriously believe that he was going to strike you with the hammer or was he just threatening you with the hammer as just to scare you?"  Trial Tr. 5/10/06 at 56-57.  Vega responded that she seriously believed that Talley was going to hit her with the hammer.

Talley's argument regarding Vega's testimony is not relevant to the question of

whether there was sufficient evidence to sustain the conviction. It is not improper for a state trial judge to seek clarification from witnesses at a criminal trial. *Brown v. Palmer*, 358 F. Supp. 2d 648, 657 (E.D. Mich. 2005) (finding that it is not unconstitutional under the Due Process Clause for the state trial judge to seek clarification from a witness in a criminal trial). "In fact, it is proper for a judge to question a witness when necessary either to elicit the truth or to clarify testimony." *Id*. While the wording of the trial court's question may be relevant to the credibility of the victim's testimony, it is not relevant to the legal sufficiency of the evidence. *See Martin*, 280 F. 3d at 618.

Accordingly the decision of the Michigan Court of Appeals was not contrary to, or an unreasonable application of, clearly established federal law. Further, the decision was not based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding. Therefore, the Court denies the petition for writ of habeas corpus.

## CONCLUSION

Pursuant to 28 U.S.C. § 2253, before a petitioner may appeal a district court's denial of his habeas petition, the district court must determine if the petitioner is entitled to a certificate of appealability. 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P 22(b). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); FED. R. APP. P. 22(b). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The "substantial showing" threshold is satisfied when a petitioner demonstrates "that reasonable jurists could debate whether (or, for that matter, agree that)

the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). "When a habeas applicant seeks permission to initiate appellate review of the dismissal of his petition," a federal court should "limit its examination to a threshold inquiry into the underlying merit of his claims." *Miller-El v. Cockrell*, 537 U.S. 322, 323 (2003).

After conducting the required inquiry, and for the reasons stated in the order above, the Court finds that Talley has not made a substantial showing of the denial of a constitutional right with respect to his claim. *See* 28 U.S.C. § 2253(c)(2). More specifically, the Court finds that reasonable jurists could not debate the Court's ruling on Talley's claim. The Court therefore declines to issue a certificate of appealability.

## ORDER

**WHEREFORE it is hereby ORDERED** that the petition for a writ of habeas corpus is **DENIED**, with prejudice**.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED.**

**SO ORDERED.**

        s/Stephen J. Murphy, III
        STEPHEN J. MURPHY, III
        United States District Judge

Dated: December 7, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 7, 2010, by electronic and/or ordinary mail.

        Alissa Greer
        Case Manager